**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
E.H. YACHTS, LLC,                   :
                                    :
            Plaintiff,              :
                                    :
       v.                           :      Civil No. 06-164 (RBK)
                                    :
                                    :
B&D BOATWORKS, INC.,                :
                                    :
                                    :
            Defendant.              :
_____:

**O P I N I O N**

**Kugler**, United States District Judge:

    Plaintiff E.H. Yachts, LLC, seeks damages and injunctive relief against Defendant B&D Boatworks, Inc., alleging that Defendant violated the Lanham Act, 15 U.S.C. § 1051 et. seq.; infringed Defendant's copyright pursuant to the copyright laws of the United States, 17 U.S.C. § 101 et. seq.; engaged in common law unfair competition and dilution; and converted Plaintiff's property. Defendant moves to dismiss Plaintiff's Complaint, arguing that 1) Plaintiff failed to assert compulsory counterclaims in an earlier action in accordance with Federal Rule of Civil Procedure 13(a); 2) this Court lacks subject matter jurisdiction over Plaintiff's copyright claims; and 3) Plaintiff

1

failed to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons described below, the Court denies Defendant's motion to dismiss.

I.   **BACKGROUND**[1]

Plaintiff E.H. Yachts, LLC ("Egg Harbor") and Defendant B&D Boatworks, Inc. ("B&D") manufacture, market and sell sportfishing yachts.  Carson R. "Buddy" Davis, Jr. ("Davis") owns and serves as Chief Executive Officer of B&D.

Prior to forming B&D, Davis owned and/or operated and/or controlled other companies in the sportfishing yacht industry, including Davis and Dickson Enterprises, Inc. ("DDE"), Davis Boatworks, Inc. ("DBW"), and Davis Yacht Sales, Inc. ("DYS"), known collectively as the "Davis Companies."  Through these companies, Davis designed, manufactured, and sold yachts with names such as "Davis Yachts," "Davis Yacht Sportfishing Boats," "Buddy Davis Yachts," "Davis," and "Davis Boatworks."  Egg Harbor asserts that these boats were renowned for their "consistent overall look utilizing a unique pronounced bow flare, smooth flowing lines and special grill work in the engine vents," giving rise to trade dress protection.

Egg Harbor asserts that on April 14, 2003, Egg Harbor entered into an Asset Purchase Agreement ("APA") with the Davis

---

[1]   For the purposes of this opinion, the Plaintiff's version of the facts, as alleged in the Complaint, are assumed to be true.

Companies, the intent of which was to permit Egg Harbor to be the "exclusive manufacturer and distributor of sportfishing yachts" with the Buddy Davis name and design.

According to Egg Harbor's Complaint, the day after the parties executed the APA, Davis assumed the position of President and Chief Executive Officer of B&D. Egg Harbor further alleges that B&D designs, manufactures, advertises and sells boat designs even though the APA transferred those rights to Egg Harbor in exchange for valuable consideration. In addition, Egg Harbor alleges that B&D copied a photograph of a 58-foot Egg Harbor sportfishing yacht, "stretched" the photograph to make it appear to be a 65-foot yacht, and used the altered photograph to advertise a 65-foot yacht for B&D in an industry magazine. Moreover, Egg Harbor alleges that B&D now offers a line of yachts bearing the brand name "Buddy Davis Edition," and that as a result of the APA, only Egg Harbor has the right to manufacture and sell authentic "Buddy Davis" yachts.

On December 27, 2005, Davis and B&D filed a complaint in the Eastern District of North Carolina against Egg Harbor. The North Carolina complaint seeks declaratory relief and compensatory damages for Egg Harbor's alleged attempt to assert intellectual property rights over the "Buddy Davis" trademark and trade dress. On January 13, 2006, Egg Harbor moved to dismiss the North Carolina complaint, arguing that Egg Harbor is not subject to

3

jurisdiction of the North Carolina court, that the Eastern District of North Carolina is an improper venue, and that B&D and Davis failed to state a claim for which relief can be granted. On August 28, 2006, the Eastern District of North Carolina transferred the case to the Eastern District of Pennsylvania and denied Egg Harbor's motion to dismiss based on lack of personal jurisdiction.  However, the Eastern District of North Carolina left pending Egg Harbor's motion to dismiss for failure to state a claim.  To date, Egg Harbor has not filed a responsive pleading in either the Eastern District of North Carolina or the Eastern District of Pennsylvania.

On January 12, 2006, while awaiting a decision from the North Carolina court on the motion to dismiss, Egg Harbor filed a complaint in the District of New Jersey.  In Count One, Egg Harbor alleges that B&D violated Section 43 of the Lanham Act when B&D used the "Buddy Davis design" on its sportfishing yachts, and when it named its line of yachts "Buddy Davis Edition." In Count Two, Egg Harbor further alleges that B&D used copyrighted material owned by Egg Harbor when B&D allegedly used a photograph of a 58-foot Egg Harbor yacht to advertise a 65-foot B&D yacht. In Count Three, Egg Harbor alleges that by using the Buddy Davis trademark and trade dress, B&D caused dilution of the distinctive quality of the Buddy Davis trade name. In Count Four, Egg Harbor alleges that B&D engaged in common law unfair

4

competition. Finally, in Count Five, Egg Harbor alleges that B&D engaged in conversion of Egg Harbor's intellectual property rights. On May 5, 2006, B&D moved to dismiss Egg Harbor's Complaint, arguing that 1) Plaintiff failed to assert compulsory counterclaims in an earlier action in accordance with Federal Rule of Civil Procedure 13(a); 2) this Court lacks subject matter jurisdiction over Plaintiff's copyright claims; and 3) Plaintiff failed to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  **FEDERAL RULE OF CIVIL PROCEDURE 13(a)**

Federal Rule of Civil Procedure 13(a) states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). Although there is no Third Circuit case on point, the Sixth Circuit Court of Appeals held that "Rule 13(a) only requires a compulsory counterclaim if the party who desires to assert a claim has served a pleading. The Rule requires the party to state such a claim 'at the time of serving a pleading.'" U.S. v. Snider, 779 F.2d 1151, 1157 (6th Cir. 1985). Furthermore, the Snider court elaborated that when a party files a motion to dismiss for failure to state a claim in lieu of filing a responsive pleading, that party does not lose

5

counterclaims, whether permissive or compulsory. Id. This is because a motion to dismiss is not a "pleading," as the word is defined in Federal Rule of Civil Procedure 7(a). Id.

Here, B&D argues that Egg Harbor's Complaint should be dismissed because Egg Harbor failed to assert these claims as compulsory counterclaims in the litigation in the Eastern District of North Carolina. This argument is misplaced. Egg Harbor did not file a responsive pleading in the North Carolina litigation, but rather moved to dismiss the action based on various theories, including failure to state a claim. Therefore, Egg Harbor did not lose these claims when Egg Harbor failed to assert them as counterclaims in the North Carolina case.[2] Therefore, B&D's motion to dismiss for failure to assert compulsory counterclaims pursuant to Federal Rule of Civil Procedure 13(a) is denied.

## III. SUBJECT MATTER JURISDICTION

B&D contends that this Court lacks subject matter jurisdiction over the copyright infringement claims as alleged in Egg Harbor's Complaint. Essentially, B&D challenges whether Egg Harbor adequately pled a copyright infringement in the Complaint.

---

[2] As previously noted, the Eastern District of North Carolina transferred the case to the Eastern District of Pennsylvania on August 28, 2006. An examination of the Eastern District of Pennsylvania docket reveals that to date, Egg Harbor still has not filed a responsive pleading. Moreover, Egg Harbor's motion to dismiss for failure to state a claim is still pending.

6

To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work are original." Feist Publ'n v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To establish the second prong of this two-part test, a plaintiff must show "not only that the defendant had access to a copyrighted work, but also that there are substantial similarities between the two works." Dam Things from Denmark v. Russ Berrie Co., Inc., 290 F.3d 548, 561 (3d Cir. 2002) (citing Whelan Assocs. Inc. v. Jaslow Dental Lab. Inc., 797 F.2d 1222, 1231 (3d Cir. 1986)).

Egg Harbor adequately pled both prongs of copyright infringement. In the Complaint, Egg Harbor claims that they "complied with the requirements of the Copyright Act in all respects," and accordingly, they applied for copyright registration for the pictures at issue. Compl. ¶ 44. For the second prong, Egg Harbor alleges that Davis had access to copyrighted material by virtue of his previous employment with the Davis Companies and his current employment with B&D. See Compl. ¶¶ 4, 15. Egg Harbor further alleges that the photographic image of the Egg Harbor 58-foot yacht and the B&D 65-foot yacht have "similar" hull designs, Compl. ¶ 20, and that the yachts are "nearly identical." Compl. ¶ 23; see also, Compl. ¶¶ 47-49.

Egg Harbor adequately pled a prima facie case of copyright

7

infringement under 17 U.S.C. § 101 et. seq.  Moreover, this Court has subject matter jurisdiction because it involves a federal question pursuant to 28 U.S.C. § 1331.  Therefore, B&D's motion to dismiss for lack of "subject matter jurisdiction" is denied.

### III. FEDERAL RULE OF PROCEDURE 12(b)(6)

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

In its third ground for dismissal, B&D asserts that Egg Harbor failed to allege a claim upon which relief can be granted.  However, the remainder of B&D's argument uses information that goes well beyond the pleadings of the case.[3] Assuming that all the allegations in Egg Harbor's Complaint are true, Egg Harbor

---

[3] For example, B&D argues that Egg Harbor does not have exclusive intellectual property rights over the "Buddy Davis" trademark or design because the APA did not confer such exclusive rights.  This argument involves interpretation of the APA, which is inappropriate in a motion to dismiss for failure to state a claim under Rule 12(b)(6).

8

would be entitled relief.

B&D implicitly attempts to convert this motion to dismiss for failure to state a claim into a motion for summary judgment by offering facts beyond the pleadings in support of its motion.

> Federal Rule of Civil Procedure 12(b) provides that if, on a motion to dismiss under Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

<u>Hilfirty v. Shipman</u>, 91 F.3d 573, 578 (3d Cir. 1996). Therefore, this Court may not convert a motion to dismiss into a motion for summary judgment without Egg Harbor having notice of such a conversion. B&D did not expressly move to dismiss, or in the alternative, for summary judgment. Therefore, B&D's motion to dismiss under Rule 12(b)(6) is denied.

**IV.   CONCLUSION**

For the foregoing reasons, the Court denies B&D's motion to dismiss Egg Harbor's claims.


DATE:<u>10/27/2006</u>                    s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         U.S. DISTRICT JUDGE

9